(*) TUCKER *versus* CAMPBELL *&* al.

In a complaint for flowing land owned by tenants in common, by means of a mill-dam, all the co-tenants must join.

Such a process, brought by one of the co-tenants alone, cannot be maintained.

ON FACTS AGREED.

Complaint for flowing the plaintiff's land by means of a mill-dam. The complainant set forth his claim of an entire ownership in the land flowed. He in reality was the owner of an undivided half only ; and moved to amend his complaint so that it should describe his true ownership. The respondents contended that, even if amended, the complaint is not sustainable by one of several tenants in common.

*B. Bradbury,* for the complainant.

One question is whether one of several tenants in common of land, can alone maintain this process. The right to the process is given by a statute, which enacts that "any person, sustaining damage in his lands by their being overflowed by a mill-dam, may obtain compensation for the injury by complaint," &c.

The fair construction of this language is, that the person

Tucker *v.* Campbell.

injurea in his lands by flowage may recover compensation to the extent of his ownership, which in this case is one undivided half of the premises.

There can be no practical difficulty in such a construction.

If this procedure is to be regarded as *sui generis*, under the statute enactments which give the remedy, the technical rule of law as to action by tenants in common for injuries to realty, should not be invoked to control or aid in giving a construction against what is just and equitable, and fairly inferable from the language of the Act.

If it. be said that the rule of law is, that tenants in common shall join in process for injuries done to the realty, the reply is, that this rule is purely technical, and has been found so inconvenient, that the Legislature has interfered to change it. R. S., c. 129, § 17.

This statute embraces all personal actions for injuries done to any lands.

The term action is comprehensive, "a civil action is a legal demand of one's rights, or it is the form of a suit given by law for the recovery of that which is due." Co. Litt. 285; 3 Bl. Com. 116.

"Personal actions are those brought for the specific recovery of goods and chattels, or for damages or other redress for breaches of contract or other injuries of whatever description, the specific recovery of lands, tenements and hereditaments only excepted." Steph. Pl. 3; Com. Dig. Action, D, 3.

Adopting these definitions as correct, a complaint for flowage would come within the terms of the statute.

*Burbank,* for the defendants.

SHEPLEY, C. J.—The principal question presented is, whether a tenant in common, without uniting with his co-tenant, can maintain a complaint for flowing land.

By the fifth section of the statute, c. 126, any person sustaining damages in his lands by their being overflowed by a mill-dam, may obtain compensation by complaint. Whether this provision be applicable to a person having the entire title,

or to one having a portion of it, must be determined from a consideration of all the provisions of the statute. If there be found provisions that cannot be executed upon one construction, and that may be all carried into effect and operate harmoniously upon another construction, it will be obvious that the latter is the correct one.

The owner of the dam is permitted by the ninth section to prove, that he has a right to flow the land for an agreed price or without compensation. If several tenants in common may maintain several processes for flowing the same land, there may be several trials and different and contradictory, verdicts and judgments respecting the same matter.

By the provisions of the fourth and twelfth sections, the height to which the water may be raised, the length of time during which it may be kept up, and what portion of the year the land ought not to be flowed, are to be determined by commissioners or a jury. If several tenants in common may maintain several complaints, there may be several and contradictory decisions upon each of these matters.

The damages having been ascertained, are by the provisions of the seventeenth section to continue to be the measure of the yearly damages, until the owner of the land or dam shall by a new process apply for an increase or decrease. Should different measures of damages be found for the different tenants in common, their several shares might become united in one sole owner, and there would be no one measure of damages, on which a new complaint could be founded by either party. Such sole owner might by conveyances create other and different tenancies in common than those existing, when the damages were ascertained; or tenants without any union of shares might entirely change their respective proportions, and under such circumstances no new process could be maintained by either party for the increase or decrease of any ascertained annual damages.

"The party entitled to such annual compensation" may by the provisions of the twentieth section maintain an action for its recovery. When the shares have become different, no one

could establish his right to recover for any sum as damages already ascertained.

By the provisions of the twenty-sixth and twenty-seventh sections, the owner of the dam may in writing offer to increase and the owner of the land may offer to decrease the annual compensation. And when the shares are different, neither party can make such offer.

In every section of the statute, in which the annual damages are mentioned, they are so as constituting one sum, as a compensation for flowing the land, and as continuing to be the measure of damages, whatever changes may take place in the title to the land.

A construction of the statute, which would authorize as many complaints as there might be tenants in common, and as many verdicts and measures of damages, might deprive the owners of land and the owners of a dam, of rights secured to them by the statute, by preventing a compliance with its provisions, while a construction requiring all the owners of the land to unite in one complaint will permit every provision of the statute to be executed, and to have its full effect. Nor can a sound argument for a different construction be found in the position, that difficulties similar to those named would occur, where there are several owners of entire tracts of low lands equally flowed; for in such cases there may be a compliance with every provision of the statute.

Nor will the proposed construction deprive any owner of land of any legal or constitutional right. When a person becomes a tenant in common of real or personal estate, he acquires his title subject to the infirmities and liabilities which by law adhere to it. *Complainant nonsuit.*

TENNEY, RICE and APPLETON, J. J., concurred.